IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 10-11393 (ESL) |
| | : | |
| ARMANDO A. DIAZ CRUZ | : | CHAPTER 13 |
| LEIDA M. BULA LOPEZ | : | |
| Debtors | : | |
| | : | |
| ARMANDO A. DIAZ CRUZ | : | ADV. PROC. NO. 11-00263 (ESL) |
| LEIDA M. BULA LOPEZ | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| P.R. TREASURY DEPARTMENT, ET AL. | : | |
| Defendants | : | |

OPINION AND ORDER

This case is before the court upon the Plaintiffs' *Motion for Reconsideration of Order to Clarity Status of Security Interest Over Real Property and Request for Order Cancelling Lien* (the "*Motion for Reconsideration*", Docket No. 59) and the *Response* thereto (Docket No. 63) filed by defendant Puerto Rico's Department of Treasury ("PR Treasury"). The Plaintiffs move the court to reconsider its *Order* entered on April 4, 2013 (Docket No. 57) dismissing the instant case as moot arguing that there are still remedies to be adjudicated, such as their request for an order to cancel PR Treasury's lien on their principal residence at the Property Registry so that a mortgage modification can be registered. PR Treasury reiterates that the instant adversary proceeding is moot and request the court to deny the *Motion for Reconsideration* (Docket No. 63). For the reasons stated below, the *Motion for Reconsideration* is hereby denied.

Procedural Background

The Plaintiffs filed their Chapter 13 Petition on December 3, 2010 (Lead Case Docket No. 1).

On April 20, 2011, PR Treasury filed a Proof Claim in the secured amount of $42,226.69 and an unsecured amount of $2.20 (Claims Register No. 10-1).

On June 5, 2011, the Plaintiffs filed a *Motion Objecting Claim 10 Filed by the PR Department of Treasury* (Lead Case Docket No. 49) averring that the supporting documents filed by PR Treasury in its Proof of Claim failed to state how the creditor calculated the amounts claimed

as penalties, interest and late charges pursuant to Local Bankruptcy Rule 3002-1 and that the computer print-out attached thereto stated that the penalties, interest and late charges were calculated up to October 9, 2014, which did not allow for the precise corroboration of the amounts due as to the filing of the bankruptcy petition. On July 8, 2011, the court entered an *Order* granting the Plaintiff's *Objection* (Lead Case Docket No. 57).

On August 12, 2011, PR Treasury filed an amended Proof Claim in the secured amount of $33,624.02 and an unsecured amount of $2.20 (Claims Register No. 10-2).

On December 6, 2011, the Plaintiffs filed their original *Complaint* (Docket No. 1) requesting an order to allow the registration of a modified mortgage in favor of co-defendant Banco Popular de Puerto Rico ("BPPR") on the Debtors' residential property and to direct the Guaynabo Property Registrar to maintain the tax lien in favor of PR Treasury as a junior lien.

On December 13, 2011, Plaintiffs filed *Motion for Leave to File Amended Complaint* (Docket No. 8) and an *Amended Complaint* (Docket No. 9) to set forth a more detailed and clear exposition of the remedies requested for which relief was sought.

On February 3, 2012, BPPR filed a *Motion to Dismiss* under Fed. R. Civ. P. 12(b)(6) (Docket No. 17) arguing that the Plaintiffs had failed to state a claim upon which relief could be granted against it.

On February 15, 2012, the court issued an *Order* (Docket No. 23) granting the Plaintiffs 21 days to show cause as to why the *Amended Complaint* should not be dismissed against BPPR (Docket No. 18) for the reasons stated in its *Motion to Dismiss* (Docket No. 17).

On March 5, 2012, PR Treasury filed its *Answer to the Complaint* (Docket No. 23) sustaining that the Plaintiffs failed to state a cognizable claim upon which relief may be granted under any applicable federal or state statue and that PR Treasury has acted at all times within the established legal and regulatory framework.

On April 2, 2012, the Plaintiffs filed another *Motion for Leave to File Amended Complaint* (Docket No. 24) alleging that in preparation for the pretrial conference, counsels for the Plaintiffs and BPPR met in compliance with the Local Rules and in that meeting the parties exchanged new evidence and information not previously available to counsel for the Plaintiffs, which allowed for

the simplification of controversies in the instant case, including eliminating BPPR as a defendant.

On April 5, 2012, the Plaintiffs filed a *Second Amended Complaint* (Docket No. 25) only against PR Treasury, eliminating the previous cause of action for declaratory judgment for a determination of the extent of liens pursuant to Sections 506 and 522(f) of the Bankruptcy Code. They also submitted as Exhibit B an appraisal report of the property in the amount of $320,000.00 and sustain that because they claimed a homestead exemption in the amount of $43,250.00 on that property under 11 U.S.C. § 522(d)(1), the value of PR Treasury's secured interest in said property is zero after the deduction of the balance of the BPPR's first mortgage and therefore, PR Treasury is an unsecured creditor pursuant to Section 506 of the Bankruptcy Code.  Consequently, the Plaintiffs allege that PR Treasury's lien is worthless and request the court to enter judgment to determine: (a) that the value of PR Treasury's collateral at $320,000.00; (b) that the extent of PR Treasury's lien over the Plaintiffs' principal residence is zero; (c) that the extent of PR Treasury's claim number 10 filed on August 12, 2011 be deemed allowed as unsecured claim; and (d) enter any additional order or judgment the court may deem just and proper.

On April 9, 2012, Plaintiffs and co-defendant BPPR jointly filed a *Stipulation for Entry of Dismissal with Prejudice as to Defendant, Banco Popular de Puerto Rico* whereby the Plaintiffs voluntarily dismissed the instant adversary proceeding against BPPR with each party bearing their own costs, expenses and attorneys' fees (Docket No. 28).  The court approved the *Stipulation* on May 11, 2012 (Docket No. 32) and *Partial Judgment* was entered on May 21, 2012 (Docket No. 34).

After a series of procedural events (Docket Nos. 39, 40 and 42), on September 10, 2012 PR Treasury filed its *Answer to Amended Complaint* (Docket No. 45) reiterating that the Plaintiffs failed to state a cognizable claim upon which relief may be granted under any applicable federal or state statue and that PR Treasury has acted at all times within the established legal and regulatory framework.

On February 11, 2013, Plaintiffs filed a *Motion for Summary Judgment* (Docket No. 51) requesting the entry of an order to: (a) determine that PR Treasury's claim is a wholly unsecured

3

claim in the instant case; (b) determine the avoidance of tax lien levied upon Plaintiff's residence[1]; (c) enter any additional order or judgment the court may deem just and proper.

On February 13, 2013, the court entered an *Order* (Docket No. 53) for PR Treasury to reply to the Plaintiff's *Motion for Summary Judgment* within 30 days to show cause why the same should not be granted.

On March 13, 2013, PR Treasury filed an amended Proof of Claim in the unsecured nonpriority amount of $33,626.22 and an unsecured priority claim of $25.09 (Claims Register No. 10-3).

On March 18, 2013, PR Treasury filed a *Motion to Dismiss* (Docket No. 55) arguing that because it had amended its proof of claim to reclassify it as completely unsecured (Claims Register No. 10-3), the *Second Amended Complaint* (Docket No. 25) had become moot and thus the instant adversary proceeding should be dismissed with prejudice.

On April 4, 2013, the Plaintiffs filed a *Request for Entry of Order Granting Summary Judgment in Favor of Plaintiffs and Opposition to Motion to Dismissed Filed by Defendant [PR Treasury]* (Docket No. 56) arguing that PR Treasury did not dispute the facts established in the *Motion for Summary Judgment* nor did it show cause why judgment should not be entered in the instant case. They also aver that PR Treasury did not set forth any grounds upon which this court should dismiss the instant case.

On April 5, 2013, the court entered an *Order* (Docket No. 57) ruling that PR Treasury's Amended Proof of Claim (Claims Register No. 10-3) has mooted the instant controversy in favor of Plaintiffs as it recognizes that PR Treasury's claim is unsecured. Therefore, the court ordered the dismissal of the adversary proceeding as moot.

On April 9, 2013, Plaintiff filed the *Motion for Reconsideration* (Docket No. 59) under both Fed. Rs. Civ. P. 59 and 60 arguing that although PR Treasury amended its Proof of Claim to a wholly unsecured claim, the lien registered at the Property Registry is still encumbering their

---

[1] The court notes that this particular relief was requested by the Plaintiffs for the very first time in their *Motion for Summary Judgment,* as it was not plead in the *Complaint* (Docket No. 1), the *Amended Complaint* (Docket No. 9) or the *Second Amended Complaint* (Docket No. 25).

principal residence. They further submit that the *Second Amended Complaint* specifically requested a remedy as to this registered lien[2] and that PR Treasury's amended proof of claim does not solve the matter of the registered lien at the Property Registry. Thus, in view of the request for reconsideration, the Plaintiffs request an order to the Property Registrar for the cancellation of PR Treasury's lien that encumbers their real property.

On April 30, 2013, PR Treasury filed a *Sur Reply to Debtor's Motion in Request for Reconsideration* (Docket No. 63) reiterating that the instant case is moot inasmuch it is no longer pursuing a secured credit, which disposes of the Plaintiffs' request under 11 U.S.C. § 506(a). PR Treasury also opposes the Plaintiffs' request to cancel its lien arguing that just because it amended its proof of claim to declare its debt as unsecured (Claims Register No. 10-3) does not mean that its registered lien must be cancelled before the closing of the bankruptcy petition. It further avers that an order from the court to cancel its lien before the closing of the bankruptcy case could result in a failure to justice if Plaintiffs fail to comply with the payment plan, making an otherwise secured creditor lose its rank in the Registry of Property. In addition, PR Treasury sustains that pursuant to 11 U.S.C. § 350(a) and Puerto Rico's Mortgage Law, the cancellation of the lien will take place once the court enters a discharge order and closes the case.

On May 13, 2013, Plaintiffs filed a *Reply to PR Department of Treasury's Sur Reply...* (Docket No. 64-1) restating that if PR Treasury's lien is left encumbering their principal residence in spite of the fact that a request for the cancellation of such lien has been made[3] and that PR Treasury has filed an unsecured proof of claim in this case would result in a failure of justice because an unsecured creditor would have a lien encumbering a property of the bankruptcy estate.

Legal Analysis & Discussion

*(A)    Standard for Motions for Reconsideration*

Plaintiffs seek reconsideration under Fed. Rs. Civ. P. 59 and 60 (Docket No. 59, p. 3). They contend that although PR Treasury is now a wholly unsecured creditor, its lien at the Property

---

[2] See footnote no. 1, *supra*.

[3] See footnote no. 1, *supra*.

5

Registry is still encumbering their principal residence, which impedes the registration of a mortgage modification with BPPR. They further submit that the *Second Amended Complaint* specifically requested a remedy as to this registered lien[4] and that PR Treasury's amended proof of claim (Claims Register No. 10-3) does not solve the matter of the registered lien at the Property Registry. Thus, the Plaintiffs reiterate their request for an order to the Property Registrar for the cancellation of PR Treasury's lien.

"Motions to reconsider are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure *in haec verba.*" In re Lozada Rivera, 470 B.R. 109, 112 (Bankr. D.P.R. 2012), citing Jimenez v. Rodriguez (In re Rodriguez), 233 B.R. 212, 218-219 (Bankr. D.P.R. 1999), conf'd 17 Fed. Appx. 5 (1st Cir. 2001); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), cert. denied 510 U.S. 859, abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994). Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Fed. R. Civ. P. 60(b). See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. Pro. 59(e) or 60(b)); Equity Security Holders' Committee v. Wedgestone Financial (In re Wedgestone Financial), 152 B.R. 786, 788 (D. Mass. 1993). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within [fourteen[5]] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." In re Lozada Rivera, 470 B.R. at 113, quoting Van Skiver, 952 F.2d at 1243. Also see Universal Ins. Co. v. DOJ, 866 F. Supp. 2d 49, 73 (D.P.R. 2012) ("A motion is characterized pursuant to [Fed. R. Civ. P.] 59(e) or [Fed. R. Civ. P.] 60(b) based upon its filing date.") "The substance of the motion, not the

---

[4] See footnote no. 1, *supra*.

[5] See the most recently amended version of Fed. R. Bankr. P. 9023, which makes Fed. R. Civ. P. 59 applicable to bankruptcy cases.

6

nomenclature used or labels placed on motions, is controlling." In re Lozada Rivera, 470 B.R. at 113.

Because in the instant case, the Plaintiffs filed their *Motion for Reconsideration* within the 14 days provided in Fed. R. Bankr. P. 9023, it will be entertained under Fed. R. Civ. P. 59(e).

Fed. R. Civ. P. 59(e) itself does not state the grounds on which relief under the rule may be granted. Therefore, trial courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend under Fed. R. Civ. P. 59(e). See ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (2008) ("[Trial] courts enjoy considerable discretion in deciding [Fed. R. Civ. P.] 59(e) motions, subject to circumstances developed in the case law."); Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004), citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993); Robinson v. Watts Detective Agency, 685 F.2d 729, 743 (1st Cir. 1982).

Generally, in order for a motion for reconsideration to proceed under Fed. R. Civ. P. 59(e), the movant must clearly establish a manifest error of law or present newly discovered evidence that could not have been diligently found during the case. See Schwartz v. Schwartz (In re Schwartz), 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008), citing In re Rodriguez, 233 B.R. at 219. The Court of Appeals for the "First Circuit has explained that a motion for reconsideration brought under Fed. R. Civ. P. 59(e) must be based upon newly discovered evidence or a manifest error of law or fact." Banco Bilbao Vizcaya Argentaria P.R. v. Vazquez (In re Vasquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997). "To meet the threshold requirements of a successful [Fed. R. Civ. P.] 59(e) motion, the motion must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision." Id. at 219 (quotations omitted).

"A motion under [Fed. R. Civ. P.] 59(e) also is appropriate if the court in the original judgment failed to give relief on a certain claim." Charles Wright, Arthur Miller & Mary Kane, 11 Federal Practice and Procedure § 2810.1 at pp.154-155 (West 2012). Also see Continental Casualty Co. v. Howard, 775 F.2d 876, 883 (7th Cir. 1985).

In the instant case, the Plaintiffs are entitled to have their *Motion for Reconsideration*

entertained under the scope of Fed. R. Civ. P. 59(e). Because the Plaintiffs move the court to grant them relief on a certain claim that they allege was sought in their *Second Amended Complaint*, the court will consider the *Motion for Reconsideration* on its merits.

*(B)      Amending Reliefs in Motions for Summary Judgments*

Initially, the Plaintiffs filed the instant adversary proceeding seeking an order to allow the registration of a modified mortgage in favor of co-defendant BPPR on their residential property and to direct the Guaynabo Property Registrar to maintain the tax lien in favor of PR Treasury as a junior lien. See the original *Complaint* (Docket No. 1). The Plaintiffs later amended the complaint to elaborate a more detailed exposition of the remedies requested for which relief was sought. See the *Amended Complaint* (Docket No. 9). None of the remedies sought in the *Amended Complaint* included an order from the court to the Property Registrar (Docket No. 9, p. 7) to cancel PR Treasury's lien. Subsequently, the Plaintiffs filed a *Second Amended Complaint* requesting the court to enter judgment to determine: (a) that the value of PR Treasury's collateral at $320,000.00; (b) that the extent of PR Treasury's lien over the Plaintiffs' principal residence is zero; (c) that the extent of PR Treasury's claim number 10 filed on August 12, 2011 be deemed allowed as unsecured claim; and (d) enter any additional order or judgment the court may deem just and proper (Docket No. 25, p. 24). The *Second Amended Complaint* is currently the controlling set of pleadings in the instant case. Notwithstanding, it was not until the *Motion for Summary Judgment* that the Plaintiffs moved the court, for the very first time[6], to "determine the avoidance of tax lien [*sic*] upon Plaintiffs' residence" (Docket No. 51, p. 7).

The facts in the instant case are similar to those in Cole v. Cortner (In re Cortner Container & Concrete Co.), 2007 Bankr. LEXIS 264, 2007 WL 269854 (Bankr. E.D. Mo. 2007). In that case, the Chapter 7 Trustee, James S. Cole, sued defendants, the part owners of debtor corporation and another company, on several counts. The Chapter 7 Trustee moved for summary judgment as to counts I and II of the complaint, claiming that the owner received a preference in contravention of 11 U.S.C. § 547(b). The Chapter 7 Trustee also moved for summary judgment on count IV of the

---

[6] See footnote no. 1, *supra*.

complaint in regards to alleged fraudulent transfers. The court granted the plaintiff's motion for summary judgment on counts I and II, but because he failed to properly plead count IV in his original complaint under Fed. R. Bankr. P. 7008(a), it was denied. The court ruled that although the "[Chapter 7] Trustee allege[d] that he [was] entitled to judgment as a matter of law as to count IV of the Complaint ... he failed to properly plead [the] same in his original complaint under [Fed. R. Bankr. P.] 7008(a)." 2007 Bankr. LEXIS 264 at **6-7, 2007 WL 269854 at *2. Thus, the court determined that "Count IV [was] not properly before the court and [would] not be considered for summary judgment." Id. The Cortner court reasoned that "while ... the pleading requirements under the Federal Rules are relatively permissive, they do not entitle parties to manufacture claims ..." Id., quoting N. States Power Co. v. Fed. Transit Admin., 358 F.3d 1050, 1057 (8th Cir. 2004). Also see Rodgers v. City of Des Moines, 435 F.3d 904, 910 (8th Cir. 2006) ("While we recognize that the pleading requirements under the Federal Rules are relatively permissive, they do not entitle parties to manufacture claims, which were not pled, late into the litigation for the purpose of avoiding summary judgment."); Puglisi v. Town of Hempstead, 2012 U.S. Dist. LEXIS 133281 at *29, 2012 WL 4172010 at * 10 (E.D.N.Y. 2012) (refusing to consider the plaintiff's claim for promissory estoppel in a motion for summary judgment because he did not plead it in the complaint). Likewise, the "liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a) ... does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage." Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1314 (11th Cir. 2004). Thus, courts have routinely held that a party cannot seek summary judgment for himself on a new claim that has not been pled in his complaint. See Crow v. Fabian, 2010 U.S. Dist. LEXIS 17480 at*58, 2010 WL 2464865 at *18 (D. Minn. 2010); White v. McHughes, 2011 U.S. Dist. LEXIS 118010 at *5 (W.D. Ark. 2011) ("[n]ewly asserted claims are not proper for consideration in a motion for summary judgment or a response thereto"); Satchel v. Sch. Bd. of Hillsborough Cnty., 2007 U.S. Dist. LEXIS 11696 at *22, 2007 WL 570020 at *7 (M.D. Fla. 2007) (denying a plaintiff's motion for summary judgment on a claim that was "not clearly pled in her complaint," ruling that "plaintiff cannot now raise this claim for the first time in a motion for summary judgment"); cf. Bonenfant v. Kewer, 2007 U.S. Dist. LEXIS 64104 at*20, 2007 WL 2492030 at *6 (D. Conn. 2007) (refusing to address a

claim that was "nowhere in [the] complaint" and raised for the first time in an opposition to a motion for summary judgment); Spann v. Word of Faith Christian Ctr. Church, 589 F. Supp. 2d 759, 771 n.8 (S.D. Miss. 2008) (same); Roofers Local No. 20 Health & Welfare Fund v. Mem'l Hermann Hosp. Sys., 2007 U.S. Dist. LEXIS 34089 at *18, 2007 WL 1407058 at *6 (W.D. Mo. 2007) ("a party cannot amend its pleadings through its response to a motion for summary judgment").

Because the Plaintiffs in this case intend to raise a new claim at the summary judgment stage that was not included in the *Complaint,* the *Amended Complaint* or the *Second Amended Complaint*, the new remedy sought in the *Motion for Summary Judgment* is denied. Moreover, the remedies sought in the *Complaint,* the *Amended Complaint* or the *Second Amended Complaint* became moot upon PR Treasury's filing of the unsecured proof of claim (Claims Register No. 10-3) as ruled in the *Order* entered on April 5, 2013 (Docket No. 57).

Conclusion

In view of the foregoing, the Plaintiffs' *Motion for Reconsideration* is hereby denied on its merits under Fed. R. Civ. P. 59(e).

SO ORDERED.

In San Juan, Puerto Rico, this 19th day of June, 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge